IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH A. GODWIN, #1434900 | § | |
| VS. | § | CIVIL ACTION NO. 4:11cv259 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

This case was referred to United States Magistrate Judge Amos L. Mazzant, who issued a Report and Recommendation concluding that the petition for writ of habeas corpus should be denied and dismissed with prejudice. Petitioner filed objections.

In Petitioner's objections, he first concedes that his claims numbered 1b, 1c, and 1d are procedurally barred from federal habeas review. However, he contends that, contrary to the Report and Recommendation, claims 2a, 3a, and 3b are not procedurally barred. A review of the record shows that the state habeas court found that Petitioner's claims concerning prosecutorial error (claims under 2) and his claim concerning a lack of notice (claim 3a) were not raised on direct appeal. The procedural default doctrine applies to claims that could have been raised, but were not raised on direct appeal. *Ex parte Gardner*, 959 S.W.2d 189, 198-200 (Tex. Crim. App. 1996); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994). *See also Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012); *Coleman v. Quarterman*, 456 F.3d 537, 546 (5th Cir. 2006), *cert. denied*, 549 U.S. 1343, 127 S. Ct. 2030, 167 L. Ed.2d 772 (2007). "Texas bars all record-based claims not raised on direct appeal. It also requires contemporaneous objection." *Doyle v. Stephens*, 535 F.

App'x 391, 393-94 (5th Cir. 2013) (footnotes omitted), *cert. denied*, — U.S. —, 134 S. Ct. 1294, 188 L. Ed.2d 320 (2014). "We 'ha[ve] consistently held that the Texas contemporaneous objection rule constitutes an adequate and independent state ground that procedurally bars federal habeas review . . . .'" *Id.* at 393 (quoting *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999).

In his objections, Petitioner claims that his lack of notice issue was presented on direct appeal because his appellate attorney asked the court in a footnote to take notice that "no notice was given by the State." Raising an issue properly before the court requires more than a mention of it in a footnote. "A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights." *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001). The state habeas court noted that habeas corpus should not be used as a substitute for an appeal, holding that the issues raised were not cognizable on habeas corpus review. *See Ex parte McGowen*, 645 S.W.2d 286 (Tex. Crim. App. 1983); *Ex parte Gardner*, 959 S.W.2d at 191. A petitioner may not raise a claim on state habeas that could have been raised on direct appeal. *Id.*; *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994). Based on the trial court's findings, the Court of Criminal Appeals denied Petitioner's state habeas petition without written order. This objection is without merit.

Petitioner also asserts that the issue he raised in claim 3b was exhausted – failing to exclude extraneous offense evidence. While he raised the issue that the trial court erred by admitting extraneous offense evidence on direct appeal, the intermediate appellate court held that because Petitioner's objection to the admission of extraneous evidence was untimely, error was not preserved. *Godwin*, slip op. at 4. The Fifth Court of Appeals issued "the last reasoned

opinion" on the issue, and the Court of Criminal Appeals refused Petitioner's PDR. As a result, the Texas contemporaneous objection rule is sufficient to bar federal habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 806, 111 S. Ct. 2590, 2596, 115 L. Ed.2d 706 (1991); *Styron v. Johnson*, 262 F.3d 438, 453-54 (5th Cir. 2001). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565, 115 L. Ed.2d 640 (1991). A miscarriage of justice means that the petitioner must be actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40, 112 S. Ct. 2514, 2518-19, 120 L. Ed.2d 269 (1992). Petitioner has failed to show a cause for the default and actual prejudice attributable to the default, or that he is actually innocent of aggravated sexual assault. Accordingly, Petitioner's objections concerning the procedurally barred issues are without merit.

Next, Petitioner complains about the treatment of his ineffective assistance of counsel claim in which he asserted that counsel was ineffective for failing to present exculpatory evidence. Specifically, he claims that counsel should have presented an audio recording of his ex-wife, Sherri Godwin, where she allegedly admitted that charges were filed against Petitioner because he refused to move to Fort Worth with her, and a video interview of Kyle McDaniel where he allegedly stated that he was present when the victim said the incidents occurred, and that the assaults never happened. Petitioner is simply reurging his issue presented in his petition. As was noted in the Report and Recommendation, the state court found that Petitioner's trial

counsel was not in possession of the audio recording of Sherri Godwin or a video recording of the victim's brother. The state court found that Petitioner's trial counsel did not present evidence regarding the victim's mother or brother because he did not possess credible evidence of either. *Ex parte Godwin*, WR-74,902-01, Supp. Recd, at 2. The Report and Recommendation includes a discussion about the testimony at trial concerning Petitioner's ex-wife's comments and those of the victim's brother. The record shows that witnesses testified concerning these comments. However, Petitioner does not assert that the recordings are, or were, in evidence. Furthermore, a search of the record reveals no recordings in evidence. Absent evidence in the record, this court is unable to consider conclusory claims. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 7 99 (5th Cir. 1982).

The Court of Criminal Appeals adopted the state habeas court's findings and conclusions when it denied relief. The implicit and explicit findings and determinations of the court are entitled to a presumption of correctness to which Petitioner has not rebutted with clear and convincing evidence to the contrary. *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001). Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). A petitioner's burden must be met by showing there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. 86, 131 S. Ct. 770,

784, 178 L. Ed.2d 624 (2011). Petitioner has failed to meet his burden.

In a general manner throughout Petitioner's objections, he complains that the Magistrate Judge did not review the state court record and relied on the state court's findings. While it is clear that the Magistrate Judge reviewed the record, the standard for review was clearly outlined for Petitioner in the Report and Recommendation:

> The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).
>
> The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

*Godwin v. Director*, Cause No. 4:11cv259, Docket #29 at 3-4. Thus, unless Petitioner has shown clear and convincing to the contrary, the federal habeas court must be deferential to the state court findings and conclusions. *Moore*, 313 F.3d at 881. Petitioner has not met his burden. This

objection is without merit.

Additionally, Petitioner complains in a non-specific manner that he was not given an evidentiary hearing. However, a federal district court has very limited discretion to grant an evidentiary hearing in these cases. *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1399 n.4, 179 L. Ed.2d 557 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 473 n.1, 127 S. Ct. 1933, 1944, 167 L. Ed.2d 836 (2007). *Pinholster* holds that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 131 S. Ct. at 1398. It is clear that review under § 2254(d)(2) is also limited to the record before the State court. *Id*. at 1400 n.7. In other words, if a claim was adjudicated on the merits on review in the State court, review of the claim in a federal habeas proceeding is limited to the record that was before the State court. Therefore, as the United States Court of Appeals for the Fifth Circuit has stated:

> This Court has long held that a district court's refusal to hold an evidentiary hearing in a § 2254 proceeding is an abuse of discretion only if the petitioner can show that (1) "the state did not provide him with a full and fair hearing," and (2) the allegations of his petition, "if proven true, . . . would entitle him to relief." [quoting *Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000).] To this, the Supreme Court has recently added "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." [quoting *Pinholster*, 131 S. Ct. at 1398.] The same rule necessarily applies to a federal court's review of purely factual determinations under § 2254(d)(2), as all nine Justices acknowledged.

*Blue v. Thaler*, 665 F.3d 647, 655-56 (5th Cir. 2011) (in-text citations added; original footnotes omitted). The Fifth Circuit went on to observe that "*Pinholster* thus imposes a new limitation on the availability of evidentiary hearings in habeas cases, a limitation not fully captured by our two-part standard," noting that § 2254(d) still requires deference to the State court's adjudication. *Id*.

at 656. The Fifth Circuit then concluded, "[a]nd *Pinholster* prohibits a federal court from using evidence that is introduced for the first time at a federal-court evidentiary hearing as the basis for concluding that a state court's adjudication is not entitled to deference under § 2254(d)." *Id*. (footnote omitted). Petitioner has not met his burden that would entitle him to an evidentiary hearing. His objection is without merit.

As noted in the Report and Recommendation, the trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). Petitioner has not rebutted the presumption of correctness in the State court findings with clear and convincing evidence. *Valdez*, 274 F.3d at 947.

In conclusion, Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. Petitioner has also failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 131 S. Ct. at 784. His objections are without merit.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Petitioner to the Report, the court

concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the court. It is accordingly

**ORDERED** that the petition for writ of habeas corpus is **DENIED** and Petitioner's case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Finally, it is

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **26** day of **September, 2014.**

_____
Ron Clark, United States District Judge